[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 31
Mr. Carl R. Noren, Director Missouri Department of Conservation P. O. Box 180 Jefferson City, Missouri 65101
Dear Mr. Noren:
This opinion is in response to your request as stated:
 "(1) May the Conservation Commission, under existing Missouri statutes, make payment from the Conservation Commission fund to county or other local collectors for taxes on real property located in the county and owned by the Conservation Commission?
 "(2) May the Conservation Commission, under existing Missouri statutes, make payment from the Conservation Commission fund to county or other local collectors as a payment in lieu of taxes to compensate these counties for revenue lost when real property is removed from their tax rolls after ownership is acquired by the Conservation Commission?"
Article IV, Section 41 of the Missouri Constitution, 1945, gives the Conservation Commission the power to acquire property necessary, useful, or convenient for its purposes, as detailed in Article IV, Section 40(a). It is clear that property acquired by the Conservation Commission, as an executive department of state government, is state property. Both Article X, Section 6 of the Missouri Constitution, and Section 137.100(1), RSMo Supp. 1975, specifically exempt all real and personal property of the state from taxation. Thus, real property acquired by the Conservation Commission is exempted from property taxation by county or other local government. It therefore follows that the Conservation Commission is under no duty or obligation to make real property tax payments to county or other local Missouri governments.
The question then becomes whether the Commission may make real property tax payments from the Conservation Commission fund to county or other local governments either as payment of real property taxes or payment in lieu of real property taxes to compensate the counties for revenue lost when real property is removed from their tax rolls after ownership is acquired by the Conservation Commission. Article IV, Section 43 of the Missouri Constitution specifically provides the purposes for which the Commission fund money may be expended. It states:
 "The fees, moneys, or funds arising from the operation and transactions of the commission and from the application and the administration of the laws and regulations pertaining to the bird, fish, game, forestry and wildlife resources of the state and from the sale of property used for said purposes, shall be expended and used by the commission for the control, management, restoration, conservation and regulation of the bird, fish, game forestry and wildlife resources of the state, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto, and for no other purpose."
This provision specifically limits the use of Commission funds to the purposes provided therein.
Thus, is payment of county or local government real property taxes by the Commission, from the Commission fund, within the purposes provided for use of Commission funds? Initially, it must be noted that Article IV, Section 43 of the Missouri Constitution does not allow the Commission to make monetary gifts. Rather, it is implied that as consideration for money expended from the fund, the Commission and thereby the state, will receive some benefit in the form of control, management, restoration, conservation, or regulation of the bird, fish, game, forestry, or wildlife resources of the state. For example, the Commission, in purchasing property for a wildlife sanctuary, receives as consideration for payment from the fund a place for the conservation of various types of wildlife in the state.
In this instance, the Commission would receive no consideration for its payment of real property taxes to counties or local governments, whether to compensate them for lost revenue or otherwise, as the Commission is under no duty to pay property taxes on its real property holdings in the state. It cannot be argued that these payments are incidental expenses necessary for the acquisition or maintenance of the property, as the property is exempt from taxes. Thus, by expending funds for real property taxes, the Commission would, in effect, be making a monetary gift to local Missouri governments. This type of expenditure is prohibited by Article IV, Section 43 of the Missouri Constitution.
CONCLUSION
It is the opinion of this office that the Conservation Commission may not make payment from the Conservation Commission fund to county or other local collectors for taxes on real property located in the county and owned by the Conservation Commission.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Walter W. Nowotny, Jr.
Yours very truly,
 JOHN ASHCROFT Attorney General